# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| URSULA S. THOMAS COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-1295-KHV-KGG |
| | ) | |
| PRECISION AVIATION CONTROLS, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND MOTION TO APPOINT COUNSEL

In conjunction with her federal court Complaint (Doc. 1) alleging race, sex,

and age discrimination as well as retaliation, Plaintiff Ursula S. Thomas Cole has

filed a Motion to Proceed *In Forma Pauperis* ("IFP application," Doc. 3, sealed)

with a supporting financial affidavit (Doc. 3-1).  Plaintiff also filed a Motion to

Appoint Counsel.  (Doc. 4.)  After review of Plaintiff's motions, as well as her

Complaint and attachments thereto, the Court **GRANTS** the IFP application (Doc.

3) and **DENIES** Plaintiff's request for counsel (Doc. 4).

**A.      Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff states she is 44 years old and single.  (Doc. 3-1, sealed, at 1-2.)  Although she lists one dependent for whom she

provides a significant amount of financial assistance, this individual is 19 years old. (*Id*., at 2.)  Without evidence of extenuating circumstances such as this person suffering from some type of disability or infirmity, the Court does not consider the listed individual to be Plaintiff's dependent, regardless of whether she provides financial assistance to him.

Plaintiff is currently employed, earning a low weekly wage. (*Id*., at 2.)  She does not receive government benefits. (*Id.*, at 4-5.)  Plaintiff does not own real property, but does own an automobile, with some residual value. (*Id*., at 3-4.)  She lists an insignificant amount of cash on hand. (*Id*., at 4.)  Plaintiff lists reasonable amounts for monthly expenses, including rent, gas, groceries, insurance, and utilities. (*Id*., at 5.)  She also lists five consumer debts with significant monthly payments. (*Id.*, at 6.)

The Court finds that, based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  As such, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.      Motion to Appoint Counsel.**

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 4.)  As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of***

*Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As discussed in Section A., *supra*, based on the information provided to the Court, Plaintiff's financial situation would make it impossible for her to afford

counsel.  The second factor is Plaintiff's diligence in searching for counsel.  Based

on the information contained in the form motion, Plaintiff has been diligent, but

unsuccessful, in attempting to secure legal representation.  (Doc. 4.)

The next factor is the viability of Plaintiff's claims in federal court.  *See*

*McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421.  A

review of Plaintiff's Complaint reveals a dearth of facts and information linking

any of Defendant's actions to Plaintiff's membership in protected classes based on

race, sex, and/or age.  (*See* Doc. 1, at 1-6.)  Attached to Plaintiff's Complaint,

however, is the charge of discrimination she filed with the Kansas Human Rights

Commission.  (*Id.*, at 9-13.)  As opposed to Plaintiff's Complaint, the KHCR

charge contains numerous factual statements in which Plaintiff alleges

discrimination by Defendants.  (*Id.*)  As to the majority of these statements,

however, the Court has serious concerns as to whether Plaintiff has sufficiently

linked Defendants' actions to Plaintiff's membership in a protected class based on

age, race, and/or disability.

Plaintiff's KHRC charge does, however, sufficiently state a *prima facie* case

of retaliation.  To establish a *prima facie* case of retaliation, a plaintiff must show

that "(1) he or she engaged in protected opposition to discrimination, (2) a

reasonable employee would have considered the challenged employment action

materially adverse, and (3) a causal connection existed between the protected

activity and the materially adverse action." ***Hinds v. Sprint/United Mgmt. Co.***,

523 F.3d 1187, 1202 (10th Cir. 2008) (citation omitted).  In her KHRC charge of

discrimination, Plaintiff alleges that she

> was subjected to verbal harassment by the [Defendant's]
> President and … Operation Manager, in that they yelled
> at me while interrogating me about why I continue to file
> discrimination complaints against them and [Defendant].
> Furthermore, on this same date I was sent home before
> the end of my scheduled work day.

(*Id.*, at 12.)  Plaintiff alleges her employment was terminated the next day.  (*Id.*)

The Court finds that Plaintiff has sufficiently alleged a *prima facie* case of

retaliation.[1]  The Court's analysis thus turns to the final factor, Plaintiff's capacity

to prepare and present the case without the aid of counsel.  ***Castner***, 979 F.2d at

1420-21.

In considering this factor, the Court must look to the complexity of the legal

issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The

Court notes that the factual and legal issues in this case are not unusually complex.

*Cf*. ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000)

---

[1] Because the Court finds that Plaintiff has sufficiently alleged a *prima facie* case of retaliation, it will not address the arguable sufficiency of Plaintiff's allegations of discrimination.  Further, while the Court finds Plaintiff's factual allegations to be sufficient for the purposes of the present motion, the Court is reaching no conclusions as to the ultimate sufficiency or viability of Plaintiff's claims.  This determination will be made by the District Court in the context of dispositive motions, if any, filed by Defendants.

(finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.


IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of November, 2019.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge