# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| URSULA S. THOMAS COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-1295-KHV-KGG |
| | ) |
| PRECISION AVIATION CONTROLS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER ON
## MOTION FOR LEAVE TO AMEND COMPLAINT
## AND MOTION TO AMEND SCHEDULING ORDER

NOW BEFORE THE COURT are Plaintiff's Motion for Leave to Amend the Complaint (Doc. 32) and Motion to Reopen Discovery and Amend the Scheduling Order (Doc. 34). After review of the parties' submissions, the Court **GRANTS** Plaintiff's motions (Doc. 32 and 34).

## BACKGROUND

Plaintiff Ursula S. Thomas Cole filed her federal court Complaint, *pro se*, on November 6, 2019, alleging race, sex, and age discrimination as well as retaliation. Plaintiff's claims were brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., Kansas Act Against

1

Discrimination ("KAAD"), K.S.A. § 44-1001 et seq. and Equal Pay Act, 29 U.S.C. § 206(d), as amended.  (Doc. 1.)

A mediation occurred by telephone on July 21, 2020, but did not result in a settlement.  (Doc. 20.)  The Court entered its revised Scheduling Order on July 22, 2020, including a discovery deadline of September 22, 2020, a deadline of October 6, 2020, to submit the proposed Pretrial Order, a dispositive motion deadline of November 13, 20202, and a trial date of June 7, 2021.  (Doc. 24.)

On October 6, 2020, the parties submitted their joint motion to extend the deadline to submit their proposed Pretrial Order.  (Doc. 27.)  The Court granted the motion, extended the deadline to October 12, 2020.  (Doc. 28, text entry.)  On October 10, 2020, counsel Katrina Robertson entered her appearance for Plaintiff.  (Doc. 29.)  An unopposed motion to stay the deadlines to file proposed Pretrial Order and for the Pretrial Conference was filed by Defendants on October 12, 2020, and granted by the undersigned Magistrate Judge two days later.  (Docs. 30, 31, text entry.)

On October 19, 2020, Plaintiff's counsel filed the two presently-pending motions – the Motion for Leave to Amend Complaint (Doc. 32) and the Motion for Leave to Reopen Discovery and Amend the Scheduling Order (Doc. 34).  Defendants have opposed both motions.

## **ANALYSIS**

**A.     Motion to Amend Complaint (Doc. 32).**

Motions to amend pleadings are governed by Fed.R.Civ.P. 15(a), which provides that a pleading may be amended "once as a matter of course within … 21 days after service of a responsive pleading." Fed.R.Civ.P. 15 (a)(1)(B). It is undisputed that Defendants have filed their Answer and more than twenty-one (21) days have elapsed. As such, the Complaint cannot be amended as a matter of course.

Pursuant to Fed.R.Civ.P 15(a)(2), Plaintiff may thus amend "only with the opposing party's written consent or the court's leave." Courts are to "freely give leave when justice so requires." *Id*. "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." ***Calderon v. Kan. Dept. Soc. & Rehab. Servs.***, 181 F.3d 1180, 1186 (10th Cir. 1999)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted).

Because the deadline to move to amend the pleadings expired prior to the filing of the revised Scheduling Order (*see* Doc. 24, at 5), the Court must first consider Plaintiff's request as one to amend the Scheduling Order pursuant to

3

Fed.R.Civ.P. 16. Rule 16(b)(4) allows modification of a Scheduling Order "only for good cause and with the judge's consent." To establish "good cause," the party requesting the extension must establish that the deadline could not have been met with diligence. *Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D.Kan.1991); ***Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n***, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also* Advisory Committee Note to 1983 Amendment to Fed.R.Civ.P. 16.

Within this context, Plaintiff contends that leave should be granted because she

> exercised great diligence in pursuing her case and making numerous attempts to secure counsel to further the prosecution of her case. … As she searched, Plaintiff continued to participate in the litigation process. Plaintiff attended all proceedings, conferences and matters which were scheduled by this Court.
> Plaintiff also maintains that the proposed amendment is not the result of undue delay. Although the deadline has passed, Plaintiff's late request is not due to inattention to this Court's orders or any bad faith motive. Additionally, Plaintiff submits that the amendment will not prejudice the other party and is made in good faith.
> In this case, Plaintiff is not alleging new claims or theories. Rather, Plaintiff seeks to amend her pleadings to conform to the allegations raised in her Kansas Human Rights Commission ("KHRC") charge. Although Plaintiff seeks this amendment several months following this Court's Scheduling Order, Plaintiff has (until securing counsel) exhausted all resources to navigate and comply with this Court's order. Plaintiff did not sit idle. Plaintiff attempted independent research as well as seeking counsel for guidance in the handling of this matter. Plaintiff respectfully submits to this Court that

4

>> the delay in this request is not undue as Plaintiff made significant efforts to ensure that all claims, previously raised at the administrative level, would be heard.

(Doc. 33, at 3-4.)

Defendants argue that "the Tenth Circuit focuses primarily on the reasons for the delay. Denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" (Doc. 40, at 5 (citing *Minter v. Prime Equip. Co.*, 451 F.2d 1196, 1206 (10th Cir. 2006) (citations omitted)).) The Court agrees with Defendants that "unexplained delay alone" can be adequate justification for the denial of a motion to amend. (Doc. 40, at 5, citing *Durham v. Xerox Corp*., 18 F.3d 836, 840 (10th Cir. 1994).

That stated, the Court finds that Plaintiff has more than adequately explained the reason for the delay. The Court also agrees with Plaintiff that there is no showing of bad faith or dilatory motive on the part of Plaintiff. To the contrary, she admirably prosecuted her case *pro se* while continuing to search for counsel, but has now been successful in retaining counsel. Further, Defendants are not unfairly prejudiced by the proposed amendment because they are fully aware of the nature of Plaintiff's underlying claims. The Court thus **GRANTS** Plaintiff's Motion to Amend (Doc. 32).

**B.      Motion to Reopen Discovery and Amend Scheduling Order.**

5

The Court engaged in a Rule 16 analysis regarding the modification of the Scheduling Order in the preceding section. The Court again finds that Plaintiff has established good cause for the requested reopening of discovery.

Plaintiff notes the "limited discovery and sparse record" in this case and asks the Court to reopen discovery "for the limited purpose of conducting discovery depositions of three-four (3-4) trial witnesses for a ninety day period." (Doc. 34, at 2.) Plaintiff argues that doing so will not unduly prejudice Defendants as they "had first opportunity to take Plaintiff's as well as any other potential witness depositions." (*Id*.) Plaintiff continues that "denying this motion will substantially prejudice Plaintiff by limiting the testimony to be used at trial as well as requiring Plaintiff's counsel to prepare and respond to dispositive motions without the benefit of a more complete record." (*Id*.) Further, Plaintiff contends that reopening discovery "will ensure that this case is resolved on the merits." (*Id*.)

Defendants acknowledge that Plaintiff, while representing herself *pro se*, "did not request to depose any witnesses during the course of discovery." (Doc. 39, at 1.) They continue that "[f]rom the time Plaintiff commenced this case on November 6, 2019[,] … [s]he has not expressed a desire to retain counsel." (*Id*.) The Court notes that Plaintiff was not required to express her "desire to retain counsel" to Defendants. The Court also notes that Plaintiff clearly indicates she continued to look for counsel as the case proceeded.

6

Defendants continue that "Plaintiff does not suggest that she learned new information in this matter, nor does she assert that a change in law has made it difficult to meet the Court's deadlines." (*Id.*, at 2.) They argue that she has failed to offer any

> explanation as to why she failed to request an extension of the discovery deadline before its expiration on September 22, 2020. Plaintiff was an active participant in her own case and in her own interests prior to obtaining counsel. She could have requested depositions or additional in-depth discovery.

(*Id*., at 2.)

The Court surmises that Plaintiff – who was representing herself *pro se* – did not request an extension of the discovery deadline before its expiration because she did not intend to do so and/or was not aware of the need (or advantage) to conduct the requested discovery. Once counsel was retained, however, the decision was made that the factual record in this case was not adequately created during Plaintiff's self-representation. The Court also surmises that if Plaintiff would have had the opportunity to have counsel from the inception of this case, she would have done so.

The Court acknowledges the prejudice to Defendants of reopening discovery. (*See* Doc. 39, at 2-3.) The prejudice caused will not be undue, particularly in comparison to the prejudice that would befall Plaintiff, now that she has counsel, from adequately engaging in discovery. Defendants repeatedly

7

acknowledge that Plaintiff, while representing herself, conducted no depositions. Surely this is an indication that the case, as it currently stands, is not positioned to be resolved on the merits. While Defendants may be in a more strategically advantageous position without Plaintiff being allowed to conduct depositions, this does not equate to undue prejudice. Plaintiff's motion is **GRANTED**.

The Court thus enters the following revised schedule:

a) Discovery is re-opened, and will be completed by **March 15, 2021,** for the limited purpose of allowing each party to take no more than 4 depositions. Each deposition is limited to 7 hours. All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

b) The pretrial conference is re-scheduled for **March 30, 2021 at 10:00 a.m.,** this conference will be conducted by telephone. Counsel should call **888-363-4749 and enter access code 5407703** as participants. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference. No later than **March 23, 2021**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

d) All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **April 16, 2021**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

e) All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **April 16, 2021.**

e) This case is set for trial on **December 6, 2021 at 9:00 a.m.,** before Hon. Holly L. Teeter, U.S. District Judge. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial. **The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will result in a new (i.e., later) trial date**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend (Doc. 32) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reopen Discovery and Amend the Scheduling Order (Doc. 34) is **GRANTED** as set forth above.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of December, 2020.

S/ KENNETH G. GALE<br>
KENNETH G. GALE<br>
United States Magistrate Judge